IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**STEPHEN NESTLER** and **DERYCK JACKSON**,
individually and as representatives of
a class of similarly situated persons,

    Plaintiffs,

v.

**SLOY, DAHL & HOLST, LLC** and
**ALTA TRUST COMPANY**,

    Defendants.

No. 3:24-cv-00842-MO

OPINION AND ORDER

**MOSMAN, J.,**

This matter comes before me on Defendant Alta Trust Company's Motion to Dismiss [ECF 38] and Request for Judicial Notice [ECF 48] and Defendant Sloy, Dahl, & Host's ("SDH") Motion to Dismiss [ECF 39] and Request for Judicial Notice [ECF 41]. For the reasons stated below, I GRANT Defendants' Motions and DISMISS Plaintiffs' First Amended Complaint ("FAC") [ECF 33] for lack of subject matter jurisdiction, without prejudice.

## BACKGROUND

This is a breach of fiduciary duty case under the Employee Retirement Income Security Act of 1974 ("ERISA") related to SDH's management of funds that Plaintiffs invested in through their retirement plans. FAC [ECF 33] ¶ 1. The funds at issue were launched on December 31, 2015 as a series of target-risk collective investment trusts ("CITs"), which are "pooled investment

1 – OPINION AND ORDER

vehicles maintained by a bank or trust company available exclusively to retirement plan customers." *Id.* ¶ 3. Each fund holds a diversified mix of equities, bonds, and other investments to create a particular risk profile, ranging from conservative to aggressive. *Id.* ¶ 4. The five funds in SDH's target risk series are the Aggressive Fund, the Growth Fund, the Balanced Fund, the Moderate Fund, and the Conservative Fund (collectively, the "SDH Funds" or "Funds"). *Id.* ¶ 25.

Plaintiff Stephen Nestler is an Oregon resident who participated in a retirement plan called the Pacific Office Automation Capital Accumulation Plan from approximately 2015 through 2023. *Id.* ¶ 11. He invested in SDH's Balanced Fund through that plan. *Id.* Plaintiff Deryck Jackson is a Washington resident who participated in the same plan from 2015 to 2022. *Id.* ¶ 12. He invested in the SDH Aggressive Fund through the plan. *Id.* Defendant SDH is a registered investment advisor firm based in Portland, Oregon. *Id.* ¶ 13. It is the investment manager of the SDH Funds. *Id.* ¶ 13. Alta Trust Company ("Alta") is a chartered trust company headquartered in South Dakota with trust service offices located in Colorado and Washington. *Id.* ¶ 17. It is the trustee of the SDH Funds and it appointed SDH as the investment manager of the Funds. *Id.* ¶¶ 14, 18.

Plaintiffs allege that Defendants breached their fiduciary duties to Plaintiffs under ERISA because Defendants mismanaged the SDH Funds and caused the Funds to underperform, thus costing Plaintiffs lost investment earnings. FAC [ECF 33] ¶ 1. Plaintiffs allege as "a result of Defendants' breaches of their fiduciary duties, the SDH Funds have been disastrous for participants and have cost them millions of dollars in lost investment earnings to date." *Id.* ¶ 2. In support, Plaintiffs cite to various metrics to argue that the SDH Funds are "exceedingly risky and highly volatile," "speculative," too concentrated in certain funds or stocks, and rank in the lowest percentile when ranked against "benchmarks and peers." *Id.* ¶¶ 32, 34, 62, 71-72. Plaintiffs present standard deviations of fund volatility, percentage allocations of some of the Funds'

underlying holdings to certain stocks, Morningstar Risk Scores, expense ratios, Sharpe Ratios, Alpha, and screenshots of the Funds' rates of return showing that each fund ranks in the bottom fifth of its peers in percentile rank. *Id.* ¶¶ 34-35; 43, 65-66, 71. However, most of these screenshots do not have a date or source, so it is unclear when these snapshots of the Funds' performance were taken. *Id.* Plaintiffs allege these metrics show Defendants managed the Funds so badly that it amounts to fiduciary duty breaches under ERISA, and those breaches caused Plaintiffs and other investors to suffer "millions of dollars in losses due to lost investment earnings." *Id.* ¶¶ 2, 99.

## LEGAL STANDARD

"To establish standing under Article III of the Constitution, a plaintiff must demonstrate (1) that he or she suffered an injury in fact that is concrete, particularized, and actual or imminent, (2) that the injury was caused by the defendant, and (3) that the injury would likely be redressed by the requested judicial relief." *Thole v. U. S. Bank N.A*, 590 U.S. 538, 540 (2020). An injury-in-fact must be "actual or imminent, not conjectural or hypothetical." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotations omitted). ERISA plaintiffs must have a "concrete stake in" the dispute to satisfy Article III standing, even if they satisfy the statutory requirements to sue. *Thole*, 590 U.S. at 543. "In a class action, this standing inquiry focuses on the class representatives" and standing is satisfied for the class if one class representative meets the requirements. *NEI Contracting & Eng'g, Inc. v. Hanson Aggregates Pac. Sw., Inc.*, 926 F.3d 528, 532 (9th Cir. 2019).

## DISCUSSION

Defendant Alta argues Plaintiffs fail to plead an actual injury in fact as to any of the SDH Funds, so they lack constitutional standing. Alta MTD [ECF 38] at 12-17. For the reasons discussed on the record during oral argument and below, I agree.

Defendant Alta argues that Plaintiffs lack Article III standing for all the SDH Funds—including the ones they personally invested in through their retirement plans—because they do not sufficiently allege that any of Defendants' alleged fiduciary breaches caused Plaintiffs any losses. Alta MTD [ECF 38] at 12-17. Defendant SDH, on the other hand, argues that Plaintiffs only lack Article III standing for the Funds they did not personally invest in. SDH MTD [ECF 39] at 10. At oral argument, Defendants argued that allegations of underperformance are meaningless without a clear benchmark by which to measure the SDH Funds, so because Plaintiffs fail to provide a benchmark, their label of "underperformance" and claims of lost earnings cannot constitute a concrete injury. *See* 04/08/2025 Hearing Transcript ("Tr.") [ECF 57] at 16:22-17:9; 31:25-32:3. As expressed during oral argument, Plaintiffs' basic theory of standing is that Defendants imprudently managed the money that Plaintiffs entrusted them with, and when Plaintiffs chose to exit their retirement plans, the values of their retirement accounts were less than what they would have been if a "prudent fiduciary" managed their money. *Id.* at 24:10-15. Plaintiffs argue that this theory satisfies the constitutional requirement of pleading a concrete injury in fact. *Id.*

I disagree with Plaintiffs that their standing theory satisfies Article III for two primary reasons. First, their theory of standing is fundamentally too circular to satisfy an "actual or imminent, not conjectural or hypothetical" injury in fact. *Lujan*, 504 U.S. at 560. Plaintiffs allege Defendants' bad management of the SDH Funds led to the Funds' underperformance and excessive volatility, but these are conclusory labels. When pressed for supporting allegations to back up these labels, Plaintiffs respond that Defendants breached their fiduciary duties and mismanaged the Funds. 04/08/2025 Tr. [ECF 57] at 10-11. But fiduciary duty breach and mismanagement are also conclusory labels. These labels, without factual support, do not amount to "a concrete, particularized, and actual" injury in fact. *Thole*, 590 U.S. at 540.

Second, Plaintiffs' First Amended Complaint is full of information about the SDH Funds in the form of metrics, charts, and tables, but those metrics do not provide me a useful benchmark by which to measure the SDH Funds' overall performance. A benchmark is necessary because Plaintiffs' core theory is that the SDH Funds underperformed the market so badly that this underperformance is circumstantial evidence of mismanagement and thus a fiduciary duty breach under ERISA. 04/08/2025 Tr. [ECF 57] at 29:3-9. Plaintiffs provide snapshots of the Funds' rates of return compared to peer funds, along with Morningstar charts rating the SDH Funds relative to their peer funds as of February 28, 2022. FAC [ECF 33] ¶¶ 71-72. But these snapshots only provide a glimpse of the Funds' performance at a certain point in time. The parties are well-aware that market rates of return fluctuate daily. As Alta's counsel raised during oral argument, Plaintiffs invested in retirement plans, which necessarily contain investments that are meant to perform on a multi-decade time horizon. Performance snapshots at a single point in time, without context, cannot alone show an injury due to fund underperformance. This is especially true when Plaintiffs do not source or date most of their snapshots showing Fund metrics.

Even if Plaintiffs had more factual support to show that the Funds did regularly rank in the bottom percentile of their peer funds, ranking in the bottom percentile of a group of funds does not necessarily amount to underperformance in violation of ERISA. Every time 100 funds are compared on some metric, one fund will be ranked #100. Without more information, one cannot conclude that investors in fund #100 were harmed by underperformance that constitutes a legal breach of fiduciary duty to prudently manage investments. *See* 29 U.S.C. § 1104(a)(1)(B); *Tibble v. Edison Int'l*, 843 F.3d 1187, 1197 (9th Cir. 2016) (describing that ERISA holds trustees to the "prudent investor rule"). Underperformance is a relative metric. To be meaningful, performance must be measured against a benchmark or standard that the Defendants were required to meet.

5 – OPINION AND ORDER

Plaintiffs do not provide such a benchmark that would allow me to conclude that their allegations of underperformance constitute a concrete injury in fact. Accordingly, I find that Plaintiffs' First Amended Complaint fails to plead constitutional standing. Because I find I lack subject matter jurisdiction, I do not address the remainder of Defendants' Motions to Dismiss [ECF 38 & 39].

## CONCLUSION

For the reasons stated, I GRANT Defendant Alta's Motion to Dismiss [ECF 38] and Defendant SDH's Motion to Dismiss [ECF 39] because Plaintiffs fail to plead constitutional standing. Accordingly, I DISMISS the First Amended Complaint [ECF 33] without prejudice. The deadline for Plaintiffs to move for leave to file a Second Amended Complaint is June 24, 2025. *See* Order [58].

IT IS SO ORDERED.

DATED this 3rd day of June, 2025

_____
MICHAEL W. MOSMAN
United States Senior District Judge